Frank POWERS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00428–CR.

Court of Appeals of Texas,
San Antonio.

July 31, 1987.

Rehearing Denied Sept. 22, 1987.

Discretionary Review Refused Dec. 9, 1987.

Richard Terrell, Alice, for appellant.

Rolando Ramirez, Dist. Atty., Alice, for appellee.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

OPINION

CHAPA, Justice.

Appellant, Frank Powers, Jr., was convicted by a jury of the offense of delivery of cocaine and sentenced to 6 years confinement. The issues before us are:

1) Whether the trial court committed reversible error in permitting the prosecutor to read to the jury the law of parties during the trial;

2) Whether the evidence is sufficient to sustain the conviction; and

3) Whether the evidence is sufficient to overcome the defense of entrapment.

We affirm.

The first contention is that the trial judge committed reversible error in permitting the prosecution to read the law of parties to the jury during the trial.

Defense counsel cross-examined State witness Barry Hutto, establishing that the co-defendant Glen Kerr, had pled guilty to

delivering the cocaine on the date the appellant was charged with delivering the same cocaine. Concerned that the jury had been improperly misled, the prosecutor, in a bench conference, requested the jury be instructed immediately on the law of parties. Over the objection of the defense, the court permitted the prosecutor to read the law of parties to the jury. The prosecutor correctly read the law of parties without further comment. The original objection posed by appellant's counsel at the bench conference, dealt with his contention that the law of parties was not applicable in this case. However, although we note the law of parties was included in the charge, no point of error has been raised on appeal regarding this objection. The record does nevertheless, reflect an objection by appellant's counsel to the court permitting the prosecutor to read the law of parties instead of the court. Although the trial court overruled the objection, and permitted the prosecutor to read the law, we note the court's attempt to eliminate any improper effect upon the jury by the following instruction in the charge:

> You are instructed that any statements of counsel, made during the course of the trial or during argument, not supported by the evidence, or statements made by counsel, not in harmony with the law as stated to you by the court in these instructions, are to be wholly disregarded.

We are now called upon to decide whether this is reversible error.

■ TEX.CODE CRIM.PROC.ANN. art. 36.13 provides:

> Unless otherwise provided in this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby.

It is axiomatic that the court should instruct the jury on the law, and not anyone else. Therefore, the trial court erred in permitting the prosecutor to read the law. The pertinent question is whether this error amounts to reversible error.

The cases relied upon by appellant, *Kincade v. State*, 552 S.W.2d 832 (Tex.Crim. App.1977) and *McClory v. State*, 510 S.W.2d 932 (Tex.Crim.App.1974) are not ap-

plicable in that they deal with alleged improper statements made by the trial court, which is not the case before us.

TEX.R.APP.P. 81(b)(2) provides:

> (2) Criminal Cases. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

■ A correct statement of the law by the trial court, even during the trial, is not reversible error. *Moore v. State*, 505 S.W.2d 842 (Tex.Crim.App.1974). However, in this case, although the statement of the law was correct, it was made by the prosecutor. Appellant's brief aserts that permitting the prosecutor to read the law left the jury with the impression that the accused was guilty of the charge, the court was favorable to the prosecutor, and that appellant's counsel had deceived the jury. A careful reading of the record does not support this contention. The law was correctly read by the prosecutor with no further comments. The court made no comments other than to correctly instruct the jury in the charge specifically that they should disregard any statements of counsel not supported by the evidence or the law in the charge. Further, we find beyond a reasonable doubt, that this error of the court, which we strongly discourage, made no contribution to the conviction or the punishment.

The next complaint contends there was insufficient evidence to sustain the conviction.

■ The standard of review in both circumstantial and direct evidence cases requires that we examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App. 1984) (en banc). In a trial by jury, consid-

eration of conflicts or contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. TEX.CODE CRIM. PROC.ANN. art. 36.13 (Vernon 1981) and 38.04 (Vernon 1979); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982) (en banc).

 In this case, undercover narcotics agent Barry Hutto testified he had received the cocaine from appellant as alleged in the indictment. James Walker, a chemist with the Texas Department of Public Safety, identified the substance received by Hutto as cocaine. The jury apparently believed this testimony, and their verdict should not be disturbed based on this complaint.

In the last contention, appellant alleges the State failed to overcome the defense of entrapment beyond a reasonable doubt.

Appellant's brief fails to direct this court to the record pertaining to this complaint as required by TEX.R.APP.P. 74. However, in the interest of justice, we will address the complaint.

[5] TEX.PENAL CODE ANN. § 8.06(a), provides the defense of entrapment when the accused is induced to engage in the conduct charged "by a law enforcement agent." However, it also provides that "conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." It is a well established rule that the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt he was entraped. *Washington v. U.S.*, 275 F.2d 687 (5th Cir.1960); *Accardi v. U.S.*, 257 F.2d 168 (5th Cir.1958); *Redman v. State*, 533 S.W.2d 29 (Tex.Crim.App.1976). In this case, the issue of entrapment was presented to the jury in the charge. The evidence of entrapment was in conflict, and the jury apparently rejected the testimony presented by appellant as to the entrapment. The jury had the prerogative of believing the testimony of the State, and finding beyond a reasonable doubt that the appellant was not entrapped. *Redman v. State*, 533 S.W.2d 29. The record contains sufficient evidence for a rational trier of the facts to so conclude. This contention is rejected.

The judgment is affirmed.