**Kevin Wayne MATTHEWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00958–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1992.

Brian Abbington, Houston, for appellant.

Denise V. Wilkerson, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Kevin Wayne Matthews, appeals his judgment of conviction for the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). Appellant was charged with aggravated sexual assault and indecency with a child. Appellant waived his right to trial by a jury and entered a plea of not guilty. The court found appellant guilty of the offense of aggravated sexual assault and assessed punishment at five years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On November 27, 1988, Wanda Hayes took her three year old daughter, L.H. to a friend's house. A total of four adults and three children were in the apartment at the time. Appellant and his nine month old baby were in a bedroom. L.H. followed appellant into the other room. Appellant's girlfriend, Rafinette James, Wanda Hayes and Charlene Richardson remained in the living room talking. When Hayes was ready to leave the apartment, she went back to the bedroom and observed through an open door appellant with his hand up under L.H.'s dress. Hayes grabbed L.H. As she did, L.H. kept her legs closed tight and Hayes had to carry her home with her legs closed in this unusual fashion. When Hayes arrived at home, L.H. told her mother that appellant had put his finger up her front and in back of her.

Hayes went to the Police Station and then to the Hospital. At the hospital, Dr. Lisa Herrin examined L.H. During the exam while Dr. Herrin was performing the genital exam, Dr. Herrin asked L.H. if someone had touched her there and she said that "Wanky" did. Dr. Herrin confirmed that there appeared to be a contusion, reddened area on the hymen consistent with the history of possible penetration. Dr. Herrin testified that it would have occurred within the last two or three hours or at the very least within the last twenty-four hours.

At the time of trial, L.H. was four years old. L.H. testified that appellant stuck his hand under her dress and touched her. The trial judge asked additional questions to clarify L.H.'s testimony. The Court asked L.H. what nickname L.H. had for appellant. L.H. responded, "Wanky".

Appellant testified that he did not touch L.H. Appellant testified the mother took L.H. in the bathroom and he didn't know whether she stuck her fingers in the little girl or not but that he had a witness that could confirm that Hayes took the little girl in the bathroom. The witness the appellant referred to, Charlene Richardson, did not testify on appellant's behalf.

On appeal, appellant asserts one point of error based on claimed ineffective assistance of counsel. Specifically, appellant contends that his counsel provided ineffective assistance by (1) failing to apprise appellant that if trial goes to the court rather than jury, the court cannot assess probation for the offense of aggravated sexual assault; (2) failing to subpoena witnesses to testify on behalf of appellant for a viable defense; and (3) failing to adequately cross-examine witnesses for the State. To prevail in a claim of ineffective assistance of counsel during the guilt or innocence phase of trial, appellant must prove: (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense. *Hernan-*

*dez v. State*, 726 S.W.2d 53, 54 (Tex.Crim. App.1986) (adopted standard in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In applying this standard, this court must determine whether "there is a reasonable probability that but for counsel's professional errors, the result would have been different." *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App.1989), cert. denied, 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). It is a reasonable probability if the probability is sufficient to undermine confidence in the outcome. *Id.* Even if appellant proves one or more deficiencies, his counsel's representation will not be viewed through hindsight; and will be judged by the "totality of the circumstances", not single acts or omissions. *Butler v. State*, 716. S.W.2d 48, 54 (Tex.Crim.App.1986). To prevail in a claim of ineffective assistance of counsel during the punishment phase, *Strickland, supra,* does not apply. *Ex Parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987). Effectiveness of counsel is to be judged by the standard under the Sixth Amendment of "reasonably effective assistance of counsel." *Id.* The sufficiency of trial counsel's performance is gauged by the totality of the representation of the accused. *Id.*

In appellant's first argument, appellant contends his trial counsel was ineffective for failing to advise him of the consequences of waiving a trial by a jury. As support, appellant points to a sworn Motion for Probation. The Motion reads as follows:

No. <u>88 CR 1386</u>

THE STATE OF TEXAS

VS.

<u>KEVIN WAYNE MATTHEWS</u>

<u>122nd</u> DISTRICT COURT

OF

GALVESTON COUNTY, TEXAS

### MOTION FOR PROBATION

Now comes the Defendant in the above styled and numbered cause and being then and there charged with the offense of <u>Aggravated Sexual Assault of a child</u> and shows the Court ... that he has never been convicted of a felony nor a misdemeanor in this or any other state, and prays the Court ... in this case, if the Defendant is found guilty as charged, to grant said Defendant Adult Probation pending good behavior during the time, if any, the Court ... shall assess.

(underlined portions indicate blanks filled in by appellant's trial attorney on a form motion). Because Article 42.12 sec. 3g of the Texas Code of Criminal Procedure precludes court ordered probation if the defendant is adjudged guilty of aggravated sexual assault, appellant concludes that this sworn motion proves that his trial counsel obviously did not know the law regarding limitations on court-ordered probation in the event appellant waived his right to a jury. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g (Vernon 1992). Appellant contends that failing to inform appellant of the law in making his election regarding a trial by jury deprived appellant of an informed, rational choice as to his assessor of punishment and mandates reversal for ineffective assistance of counsel.

We agree with appellant that failure of an attorney to have a firm command of the facts and law of the case can render ineffective assistance to his client. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim.App.1990). We also note that the Court of Criminal Appeals recently found that because an attorney misled his client to believe he was eligible for probation when he in fact was precluded from receiving probation for the charged offense was sufficient to support a claim for ineffective assistance of counsel. *Ex parte Battle*, 817 S.W.2d 81, 84 (Tex.Crim.App.1991). Nevertheless, in *Ex parte Battle*, the evidence regarding the attorney's communication to his client was not an inference, as in the present case. In *Ex parte Battle*, the reviewing court had an affidavit from Battle's trial counsel confirming that he had discussed the possibility of probation with the judge and the chance of probation with his client. *Id.* at 83. In the present case, nothing in the record substantiates what

appellant's trial counsel communicated to appellant. We agree that the sworn motion on its face is inaccurate since court ordered probation may not be given in the case of aggravated sexual assault. Nevertheless, we do not know what appellant's trial counsel actually communicated to appellant. Appellant was charged with two offenses, aggravated sexual assault and indecency with a child. If the trial court found appellant guilty of indecency with a child instead of aggravated sexual assault, the court could have given appellant probation. See Tex.Code Crim.Proc.Ann. art. 42.12 sec. 3g (Vernon Supp.1992). Therefore, appellant's trial counsel's only mistake may have been writing in the wrong offense in the sworn motion. The cause number which applied to both offenses was correct; therefore, the motion would have been sufficient as a request for probation as to the offense of indecency with a child. Since there was no evidentiary hearing and nothing in the record to substantiate appellant's claim that his trial counsel communicated erroneous advice to him, we cannot find that this was ineffective assistance of counsel.

■ Appellant next contends that his trial counsel's failure to subpoena witnesses to testify on behalf of appellant deprived appellant of an opportunity to present a viable defense. Appellant testified, "I have witnesses, but *she's* just not here." At trial, the only witness appellant identified that was not present for appellant's defense was Charlene Richardson, appellant's girlfriend's sister. She was one of the women present in the apartment at the time of the offense. Appellant testified that she could confirm that the complainant's mother took L.H. in the bathroom. Appellant tries to make the argument that if this testimony was present there might have been a doubt whether the complainant's mother stuck something in the little girl. We disagree.

■ In order to find that appellant's trial counsel was ineffective for failing to bring Charlene Richardson to trial on appellant's behalf, we must find that trial counsel's inaction resulted in preventing appellant from advancing a viable defense. *Hernandez v. State*, 799 S.W.2d 507 (Tex. App.—Corpus Christi 1990, writ ref'd) (citing *See Butler v. State*, 716 S.W.2d 48, 55–56 (Tex.Crim.App.1986)). The record does not establish that if counsel had subpoenaed Charlene Richardson to testify, she could have supported a viable defense. The record only shows, pursuant to appellant's testimony, that if Charlene Richardson came to trial, she could confirm that the complainant's mother took the complainant to the bathroom. This is not a defense. Also, Charlene apparently did not know what went on in the room of the offense. Appellant testified of the following events when the complainant's mother came in the room at the time of the alleged offense:

> She [complainant's mother] didn't do— she just grabbed—she asked—told [L.H.] to come here. [L.H.] got down off my leg and she walked on out the door and they went on out and I stayed in the room and then later on, she came back up there. She asked for Rafinette's other sister, Charlene, and they both left and then Charlene came back up there crying, saying that I fixing to go to jail and I said, "What I'm going to jail for?" She said, "Wanda Lynn said you touched her daughter."
>
> I said, "I ain't going to jail."
>
> She said, "Why don't you leave before the police come in?"
>
> I said, "I'm not going nowhere."

If anything, the fact that Charlene told appellant that he should leave before the police came might indicate she thought he did the crime. Appellant's trial counsel probably decided that Charlene's testimony would be more damaging than beneficial to appellant. Where an attorney's actions have a plausible basis, it cannot be said to be ineffective assistance. *See Ex parte Ewing*, 570 S.W.2d 941, 947 (Tex.Crim.App. 1979). Since there is no proof that appellant's trial counsel performed deficiently, this argument fails the first prong of the *Strickland* test.

■ In appellant's final argument, appellant contends that his trial counsel was

ineffective because he did not cross-examine the witnesses. Only one witness of the state was not cross-examined, the four year old complainant. Appellant seems to suggest that his trial counsel could have impeached this witness because her testimony regarded an event 2 years earlier and the witness was only four years old. The Court of Criminal Appeals points out that many times the decision not to cross-examine is the result of wisdom acquired by an attorney's trial experience. *Coble v. State,* 501 S.W.2d 344, 346 (Tex.Crim.App.1973). It actually seems quite prudent that appellant's trial counsel decided not to cross-examine the complainant, a four year old girl who stated several times on the stand that she was scared. Also, this court is not in a position to "second guess" counsel's trial strategy through appellate hindsight. *See Riddick v. State,* 624 S.W.2d 709, 711 (Tex.App.—Houston [14th Dist.] 1981, no pet.) (citation omitted); *Sanchez v. State,* 589 S.W.2d 422 (Tex.Crim.App.1979); *Blott v. State,* 588 S.W.2d 588 (Tex.Crim.App. 1979). Finally, the case was before a court. The judge was certainly aware that the offense took place two years earlier and that the complainant was only four years old. The record reflects that the judge asked additional questions to clarify the complainant's testimony. Therefore, even if we accepted appellant's premise that failing to ask the complainant questions was deficient performance, which we hold it is not, this argument fails the second prong of *Strickland* as well because it is not possible to show that this prejudiced appellant's defense.

Appellant further contends that the doctor who testified regarding her physical examination of the complainant after the event was only cross-examined with one question and part of a second question. The amount of cross-examination does not prove ineffective assistance. Appellant fails to show what could have been achieved by further cross-examination of this witness. Appellant's trial counsel asked the doctor if anything else could have caused the penetration other than fondling. The doctor could not think of anything. Appellant's trial counsel then asked

if any sort of injury could. The doctor responded it would be difficult. We fail to see what further cross-examination could have helped appellant's case, and appellant mentions nothing that might have been achieved by further cross-examination. Accordingly, we hold this was not deficient performance and this argument fails the first prong of the *Strickland* test.

Appellant's only comment as to the second witness, the complainant's mother, was that the cross-examination was not well thought out. We disagree. Appellant's trial counsel brought out during cross-examination that the mother had been arrested for shop lifting before, she had smoked crack cocaine and that several people were in the apartment at the time of the event. These questions were certainly well thought out and appellant's points to nothing else that should have been brought out during cross-examination. The mere fact that another attorney may have employed a different strategy, does not make it ineffective assistance of counsel. *See Gillum v. State,* 792 S.W.2d 745 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (mere fact attorney chose to defend on basis of mistaken identity rather than insanity was one of trial strategy and presumptively reasonable where appellant had not shown the choice was unreasonable). We hold this was not deficient performance and fails the first prong of the *Strickland* test.

We note that we are required to view trial counsel's performance based on the totality of his representation throughout trial. *See Butler v. State, supra,* at 54 (guilt/innocence phase); *State v. Recer,* 815 S.W.2d 730, 731 (Tex.Crim.App.1991) (citations omitted) (punishment phase). Trial counsel cross-examined all of the State's witnesses except for L.H. She made an opening statement before presenting the defense, and a closing argument at the conclusion of the defense's case. She attempted to bring out during cross-examination that the complainant's mother, who said she observed the sexual assault, had a grudge against appellant, that the mother had shoplifted before and had smoked co-

**348**

caine. She attempted to raise question during the doctor's testimony as to whether the doctor's conclusion of penetration might have been caused by something else. Appellant received the minimum penalty for the offense, 5 years. Therefore, we hold that the totality of representative given appellant was reasonably effective and his constitutional rights were not abridged.

Accordingly, the judgment of the trial court is affirmed.