Affirmed and Memorandum Opinion filed April 7, 2009








Affirmed and Memorandum Opinion filed April 7, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00389-CR

_______________

 

ROBERT MICHAEL FRANCOIS, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1114995  

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








After
appellant, Robert Michael Francois, allegedly violated several conditions of
his court-ordered community supervision,[1]
the State filed a motion to adjudicate guilt.  Following a hearing, the trial
court found the allegations in the motion to be true, adjudicated appellant=s guilt, and sentenced him to
confinement for twenty-five years.  On appeal,  appellant asserts his counsel
was ineffective at the adjudication hearing by failing to present the testimony
of a material witness and by not offering mitigating evidence during
punishment.  However, appellant has not shown that the result of the proceeding
would have been different but for the allegedly deficient representation. 
Therefore, we affirm.

Background

On
September 13, 2007, appellant pleaded guilty to aggravated robbery and was
sentenced to ten years= deferred adjudication and community supervision.  On April
7, 2008, the State filed a motion to adjudicate guilt, alleging that he
violated multiple conditions of his community supervision, including:

(1)       compliance with the laws of
the State of Texas;

(2)       avoiding persons or places
of disreputable or harmful character;

(3)       providing proof of
employment during March 2008;

(4)       paying mandatory
supervision fees, court costs, laboratory fees, and restitution;

(5)       making payment to Crime
Stoppers;

(6)       submitting to an alcohol
and drug evaluation before December 23, 2007; and

(7)       writing an acceptable
letter to the surviving victim of his crime. 

At the hearing on the
State=s motion, Janie Hernandez, appellant=s community supervision officer,
testified that appellant violated all of the conditions listed above.  The
trial court found the allegations in the State=s motion to adjudicate guilt true and
found appellant guilty as originally charged.  He was sentenced to twenty-five
years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  On appeal, appellant contends he
received ineffective assistance of counsel because his attorney failed to
present the testimony of a material witness and failed to offer mitigating
evidence during the punishment phase.

 








Analysis

Standard of Review  

We apply a two-pronged test to ineffective-assistance
claims.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  First,
appellant must prove that counsel=s performance was
deficient, falling  below an objective standard of reasonableness.  See id.
at 687B88.  Second,
appellant must show that counsel=s deficient
performance prejudiced his defense.  See id. at 687.  This element
requires appellant to demonstrate a reasonable probability that, but for the
allegedly deficient representation, the result of the proceeding would have
been different.  See id. at 694.  The appellant bears the burden of
proving ineffective assistance by a preponderance of the evidence.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Failure to Present a
Witness

In his
first issue, appellant asserts that his trial counsel was ineffective because
he failed to subpoena and present the testimony of Bryan Carter, appellant=s stepfather, during the adjudication
stage.  Counsel called Carter to testify at two different times during the
adjudication stage, but Carter was not in the courtroom.  Instead, the trial
court accepted a proffer from counsel explaining that, had Carter been present,
he would have testified that appellant did not commit an offense in violation
of the laws of the State of Texas, that is, the first of the seven above-listed
violations.  However, appellant has not challenged the trial court=s finding that he violated six other
community-supervision conditions.  Therefore, he has not shown that, had his
attorney procured the testimony in question, the result of the adjudication
hearing would have been different.








Absent a showing of both counsel=s deficient
performance and resulting prejudice, we cannot conclude that a defendant=s conviction
resulted from a breakdown in the adversarial process that renders the result
unreliable.  Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005)
(citing Strickland, 466 U.S. at 687).  If, as here, an appellant fails
to meet the prejudice prong, the reviewing court need not address the question
of counsel=s performance.  Hagens v. State, 979 S.W.2d
788, 793 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).  Therefore, we
overrule appellant=s first issue.No Mitigating Evidence at Punishment

In his
second issue, appellant argues that he received ineffective assistance because
his counsel did not offer mitigating evidence during the punishment phase
following the adjudication of guilt.  He contends that his family was available
to provide mitigating evidence, but they were not called to testify.  However,
an ineffective assistance claim can be premised upon an attorney=s failure to present witnesses only
if the appellant can show that the witnesses were available and that their
testimony would have benefitted him.  See Ex parte McFarland, 163 S.W.3d
743, 758 (Tex. Crim. App. 2005).  Appellant has not made this showing.

In Garza
v. State, the Court of Criminal Appeals rejected a similar ineffective
assistance argument because the reasons for counsel=s decision not to put on mitigating
evidence did not appear in the record.  213 S.W.3d 338, 348 (Tex. Crim. App.
2007).  We will sustain an allegation of ineffective assistance of counsel only
if firmly founded and affirmatively demonstrated in the appellate record.  Stephens v. State, 15 S.W.3d 278,
279 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996)).  However, the record on direct appeal is usually inadequate to
overcome the presumption and show that counsel=s conduct fell below an objectively
reasonable standard of performance.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002). 








Here, as
in Garza, the reasons for counsel=s actions do not appear in the
record.  See Garza, 213 S.W.3d at 348.  That is, nothing in the record
demonstrates that appellant=s family, although present at the hearing, would have offered
testimony beneficial to him.  See Rangel v. State, 972 S.W.2d 827, 838B39 (Tex. App.CCorpus Christi 1998, pet. ref=d).  Moreover, because counsel=s reasons for not presenting the
family=s testimony as mitigating evidence at
the punishment phase do not appear in the record, we must defer to counsel=s decision and deny relief.  See
Garza, 213 S.W.3d at 348.  

After
all, our scrutiny of counsel=s performance must be highly deferential, and we are to
presume that trial counsel rendered effective assistance.  See Strickland,
466 U.S. at 689; Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001).  Therefore, appellant must overcome the strong presumption that, under
the circumstances, his attorney=s action might be considered sound trial strategy.[2] 
See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  Since
he has not done so, we overrule appellant=s second issue. 

Conclusion

Finding
no merit in the issues presented, we affirm.

 

 

/s/        Kent C. Sullivan

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]           By statutory amendment, the legislature
substituted the term Acommunity supervision@ for Aprobation.@ 
See Act of May 30, 1999, 76th Leg., R.S., ch. 1236, ' 1, 1999 Tex. Gen. Laws 4279.





[2]           The mere fact that appellant=s family members were available to testify does not
make the decision to forgo that testimony an unwise one.  Experienced trial
counsel must weigh the potential benefit of a witness=s testimony against, among other things, the potential
adverse impact of cross-examination.  See Matthews v. State, 830 S.W.2d 342, 346 (Tex. App.CHouston [14th Dist.] 1992, no
pet.); Ex parte McFarland, 163 S.W.3d at 757.