COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 JOHN WESLEY ASHLEY,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00231-CR
  
                          Appeal from
  
 355th District
 Court
  
 of Hood County,
 Texas
  
 TC # CR11714)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

John
Wesley Ashley appeals from a conviction of delivery of methamphetamine under
one gram, enhanced by two prior felony convictions for possession of
methamphetamine under one gram.  A jury
assessed the Appellant’s punishment at a term of ten years’ confinement and a
$10,000 fine.  We affirm.  

FACTUAL SUMMARY

Acting
on information from a confidential informant, undercover police officer Ray
Miller gave Appellant one hundred dollars in exchange for a bag containing a
white, crystalline substance purporting to be one gram of methamphetamine.  Investigator Justin Caraway provided back up
for the controlled buy in a nearby, parked car but did not actually witness the
transaction between Miller and Appellant.  Miller did not videotape the transaction but
Caraway testified that he was able to monitor the transaction over an open cell
phone line.  After the controlled buy,
Miller and Caraway conducted a field test that identified the substance as
methamphetamine.  William Chandley, a
Texas Department of Public Safety chemist, tested the substance Appellant handed
to Miller and determined that it was 0.95 grams of methamphetamine.  

LEGAL SUFFICIENCY

In Issue One,
Appellant argues the State did not present sufficient evidence to support his
conviction for delivery of methamphetamine.           

Standard of Review 

            To determine the legal sufficiency
of the evidence used to support a conviction for delivery of methamphetamine,
we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See Brooks v. State, 323 S.W.3d 893, 912
(Tex.Crim.App. 2010), citing Jackson v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  Under this standard, it is “the responsibility
of the trier of fact fairly to resolve conflicts in the testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate
facts.” Jackson, 443 U.S. at 319, 99
S.Ct. 2789.  The “verdict must stand and unless
it is found to be irrational or unsupported by more than a ‘mere modicum’ of
the evidence.”  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).  We resolve all inconsistencies in the
testimony in favor of the verdict.  Id. 

Applicable Law/Elements of the Offense 

            A person commits the offense of
delivery of methamphetamine if the person knowingly delivers methamphetamine
that, by aggregate weight, is less than one gram.  Tex.Health
& Safety Code Ann. § 481.112(a)-(b)(West 2010).  “‘Deliver’ means to transfer, actually or
constructively, to another a controlled substance . . . .”  Id.
§ 481.002(8).  In a jury trial, the jury
“is the exclusive judge of the facts proved, and of the weight to be given to
the testimony.”  Tex.Code Crim.Proc.Ann. § 38.04 (West 1979).  Conflicts or contradictions in the evidence
will not call for reversal if there is enough credible testimony to support a
conviction for delivery of a controlled substance.  See
Powers v. State, 737 S.W.2d 53, 55 (Tex.App.--San Antonio 1987, pet.
ref’d). 

            In Powers, the appellant contended that the evidence was insufficient
to support his conviction for the offense of delivery of cocaine.  Id.
at 54.  There, an undercover narcotics
agent testified that he had received cocaine from the appellant.  Id. at
55.  A Department of Public Safety
chemist testified that the substance received by the undercover agent was
cocaine.  Id. Applying the Jackson
standard, the court found that “[t]he jury apparently believed this testimony,
and their verdict should not be disturbed.”  Id. 

Application

Here,
Appellant argues that the evidence is legally insufficient for the following
reasons: (1) the record contains no evidence probative of an element of the
offense, (2) the record contains a mere modicum of evidence probative of an
element of the offense, (3) the evidence conclusively establishes a reasonable
doubt, and (4) the acts alleged do not constitute the criminal offense charged.
 We now review the State’s evidence in a
light most favorable to the verdict.

Ray
Miller testified that he handed Appellant one hundred dollars, and Appellant
handed him a baggie containing a white, crystalline substance that purported to
be methamphetamine.  Miller explained
that one hundred dollars was the customary price for one gram of
methamphetamine.  He performed a field
test on the substance he received from Appellant that produced a positive
result for the presence of methamphetamine.  Justin Caraway testified that, while he did
not visually witness the transaction between Appellant and Miller, he had an
open cell phone line, and the controlled buy went according to plan.  William Chandley, a Department of Public
Safety chemist, testified that he tested the substance and determined that it
was methamphetamine weighing 0.95 grams.  

Although
Appellant argues that Miller’s apparently conflicting testimony renders the
evidence legally insufficient to support his conviction, we resolve any
inconsistencies in favor of the verdict.  See Moreno, 755 S.W.2d at 867.  The jury assessed the credibility and weight
of the testimony offered by the State’s witnesses.  The evidence supporting Appellants conviction
for delivery of methamphetamine clearly represents more than a “modicum.”  Accordingly, taken in the light most favorable
to the verdict, the evidence is legally sufficient to permit a rational trier
of fact to find beyond a reasonable doubt that Appellant knowingly delivered methamphetamine
that, by aggregate weight, was less than one gram.  We overrule Issue One.

INEFFECTIVE ASSISTANCE OF COUNSEL

            In Issue Two, Appellant complains
that he did not receive effective assistance of trial counsel.

Standard of Review 

            We review ineffective assistance of
counsel claims according to the United States Supreme Court’s two-pronged Strickland test.  Thompson v. State, 9 S.W.3d
808, 812 (Tex.Crim.App. 1999), citing
Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, Appellant must show that “counsel’s
performance was deficient, i.e., that his assistance fell below an objective
standard of reasonableness.”  Thompson, 9 S.W.3d at 812.  Second, Appellant must prove prejudice by showing
“a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id.  “Failure of [A]ppellant to make either of the
required showings of deficient performance and sufficient prejudice defeats the
claim of ineffective assistance.”  Rylander v. State, 101 S.W.3d 107, 110
(Tex.Crim.App. 2003).  We “look to the
totality of the representation and the particular circumstances of each case in
evaluating the effectiveness of counsel.”  Thompson,
9 S.W.3d at 813.  Further, “any judicial
review must be highly deferential to trial counsel and avoid the deleterious
effects of hindsight.”  Id. 

Defense Counsel’s Representation Did Not Fall Below The Objective
Standard of Reasonableness

 

When
analyzing an ineffective assistance of counsel claim, we “must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance; that is, the [appellant] must overcome the presumption
that, under the circumstances, the challenged action ‘might be considered sound
trial strategy.’”  Strickland, 466 U.S. at 689, 104 S.Ct. 2065, quoting Michel v. Louisiana,
350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955).  “To defeat the presumption of reasonable
professional assistance, ‘any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.’”  Thompson, 9 S.W.3d at 814, quoting McFarland v. State, 928 S.W.2d
482, 500 (Tex.Crim.App. 1996).  In the
majority of cases, however, “the underdeveloped record on direct appeal will be
insufficient for an appellant to satisfy the dual prongs of Strickland.”  Thompson,
9 S.W.3d at 814 n.6.  “Thus, the
presumption that an attorney’s actions were sound trial strategy ordinarily
cannot be overcome absent evidence in the record of the attorney’s reasons for
his conduct.”  Landers v. State, 110 S.W.3d 617, 622 (Tex.App.--Houston [14th
Dist.] 2003, pet. ref’d).  Appellant
“must prove by a preponderance of the evidence, that there is, in fact, no
plausible professional reason for a specific act or omission” to show
ineffective assistance of counsel on direct appeal.  Bone v.
State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002). 

Appellant
contends he received ineffective assistance of counsel because:  (1) defense counsel did not give an opening
statement; (2) defense counsel did not acquaint himself with the facts of the
case, resulting in cross-examination of witnesses that was sorely lacking; and
(3) defense counsel did not present any evidence during the punishment phase of
the trial.  The record does not provide
evidence of counsel’s reasons for his actions during the trial.  Accordingly, Appellant must establish, by a
preponderance of the evidence, that there is no plausible professional reason
for defense counsel’s acts or omissions during trial.  See Bone, 77 S.W.3d at 836.  We now examine defense counsel’s
representation at the trial court.

Defense
counsel declined to make an opening statement.  This omission does not, by itself, constitute
ineffective assistance.  See Taylor v. State, 947 S.W.2d 698, 704
(Tex.App.--Fort Worth 1997, pet. ref’d)(stating declining to make an opening
statement is a tactical decision and did not render counsel’s performance
deficient).  Counsel cross-examined every
one of the State’s witnesses and attacked the credibility of the State’s
confidential informant.  Counsel
emphasized that Caraway did not actually see Appellant hand Miller the baggie
containing the crystalline substance.  Appellant asserts that the cross-examination
of Chandley was sorely lacking, and that his attorney should have elicited a
more thorough cross-examination of all of the State’s witnesses.  These complaints are without merit.  See
Matthews v. State, 830 S.W.2d 342, 347 (Tex.App.--Houston [14th Dist.]
1992, no writ)(stating “the decision not to cross-examine is the result of
wisdom acquired by an attorney’s trial experience,” and “[t]he amount of cross-examination
does not prove ineffective assistance”); see
also Bone, 77 S.W.3d at 836
(stating “[a] vague, inarticulate sense that counsel could have provided a
better defense is not a legal basis for finding counsel constitutionally
incompetent”). 

Finally,
Appellant claims he received ineffective assistance of counsel during the
punishment phase because counsel did not call any of Appellant’s family members
to testify on his behalf.  “A claim for
ineffective assistance of counsel based on counsel’s failure to call witnesses
fails in the absence of a showing that such witnesses were available to testify
and that the [Appellant] would have benefitted from their testimony.”  Brennan
v. State, 334 S.W.3d 64, 79 (Tex.App.--Dallas 2009, no pet.).  According to Appellant, “[h]ad defense counsel
called these family members, the jury would have likely reached a different
sentence.”  Appellant has failed to show
that such witnesses were available to testify and that the sentence would have
been different if they had testified. 

We
hold, based on the totality of defense counsel’s representation, that Appellant
has not satisfied his burden under the first prong of Strickland.  Accordingly, we
need not address Strickland’s second
prong, and Appellant’s ineffective assistance of counsel claim fails.  See
Rylander, 101 S.W.3d at 110 (holding
failure to prove first prong of Strickland
defeats claim of ineffective assistance).  Having overruled each issue presented on
appeal, we affirm the trial court’s judgment. 

 

October 24 , 2012                               _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)