COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JOHN WESLEY ASHLEY, | | No. 08-11-00231-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 355th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Hood County, Texas |
| | § | |
| Appellee. | § | TC # CR11714) |

**O P I N I O N**

John Wesley Ashley appeals from a conviction of delivery of methamphetamine under one gram, enhanced by two prior felony convictions for possession of methamphetamine under one gram. A jury assessed the Appellant's punishment at a term of ten years' confinement and a $10,000 fine. We affirm.

**FACTUAL SUMMARY**

Acting on information from a confidential informant, undercover police officer Ray Miller gave Appellant one hundred dollars in exchange for a bag containing a white, crystalline substance purporting to be one gram of methamphetamine. Investigator Justin Caraway provided back up for the controlled buy in a nearby, parked car but did not actually witness the transaction between Miller and Appellant. Miller did not videotape the transaction but Caraway testified that he was able to monitor the transaction over an open cell phone line. After the controlled buy, Miller and Caraway conducted a field test that identified the substance as methamphetamine. William Chandley, a Texas Department of Public Safety chemist, tested the substance Appellant handed to Miller and determined that it was 0.95 grams of

methamphetamine.

## LEGAL SUFFICIENCY

In Issue One, Appellant argues the State did not present sufficient evidence to support his conviction for delivery of methamphetamine.

### Standard of Review

To determine the legal sufficiency of the evidence used to support a conviction for delivery of methamphetamine, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under this standard, it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2789. The "verdict must stand and unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We resolve all inconsistencies in the testimony in favor of the verdict. *Id.*

### Applicable Law/Elements of the Offense

A person commits the offense of delivery of methamphetamine if the person knowingly delivers methamphetamine that, by aggregate weight, is less than one gram. TEX.HEALTH & SAFETY CODE ANN. § 481.112(a)-(b)(West 2010). "'Deliver' means to transfer, actually or constructively, to another a controlled substance . . . ." *Id.* § 481.002(8). In a jury trial, the jury "is the exclusive judge of the facts proved, and of the weight to be given to the testimony." TEX.CODE CRIM.PROC.ANN. § 38.04 (West 1979). Conflicts or contradictions in the

evidence will not call for reversal if there is enough credible testimony to support a conviction for delivery of a controlled substance. *See Powers v. State*, 737 S.W.2d 53, 55 (Tex.App.--San Antonio 1987, pet. ref'd).

In *Powers,* the appellant contended that the evidence was insufficient to support his conviction for the offense of delivery of cocaine. *Id.* at 54. There, an undercover narcotics agent testified that he had received cocaine from the appellant. *Id.* at 55. A Department of Public Safety chemist testified that the substance received by the undercover agent was cocaine. *Id.* Applying the *Jackson* standard, the court found that "[t]he jury apparently believed this testimony, and their verdict should not be disturbed." *Id.*

*Application*

Here, Appellant argues that the evidence is legally insufficient for the following reasons: (1) the record contains no evidence probative of an element of the offense, (2) the record contains a mere modicum of evidence probative of an element of the offense, (3) the evidence conclusively establishes a reasonable doubt, and (4) the acts alleged do not constitute the criminal offense charged. We now review the State's evidence in a light most favorable to the verdict.

Ray Miller testified that he handed Appellant one hundred dollars, and Appellant handed him a baggie containing a white, crystalline substance that purported to be methamphetamine. Miller explained that one hundred dollars was the customary price for one gram of methamphetamine. He performed a field test on the substance he received from Appellant that produced a positive result for the presence of methamphetamine. Justin Caraway testified that, while he did not visually witness the transaction between Appellant and Miller, he had an open cell phone line, and the controlled buy went according to plan. William Chandley, a Department

of Public Safety chemist, testified that he tested the substance and determined that it was methamphetamine weighing 0.95 grams.

Although Appellant argues that Miller's apparently conflicting testimony renders the evidence legally insufficient to support his conviction, we resolve any inconsistencies in favor of the verdict. *See Moreno*, 755 S.W.2d at 867. The jury assessed the credibility and weight of the testimony offered by the State's witnesses. The evidence supporting Appellants conviction for delivery of methamphetamine clearly represents more than a "modicum." Accordingly, taken in the light most favorable to the verdict, the evidence is legally sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Appellant knowingly delivered methamphetamine that, by aggregate weight, was less than one gram. We overrule Issue One.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Issue Two, Appellant complains that he did not receive effective assistance of trial counsel.

### Standard of Review

We review ineffective assistance of counsel claims according to the United States Supreme Court's two-pronged *Strickland* test. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Appellant must show that "counsel's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness." *Thompson*, 9 S.W.3d at 812. Second, Appellant must prove prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "Failure of [A]ppellant to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance." *Rylander v. State*, 101 S.W.3d

107, 110 (Tex.Crim.App. 2003). We "look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson*, 9 S.W.3d at 813. Further, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.*

*Defense Counsel's Representation Did Not Fall Below The Objective Standard of Reasonableness*

When analyzing an ineffective assistance of counsel claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. 2065, *quoting Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). "To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Thompson*, 9 S.W.3d at 814, *quoting McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). In the majority of cases, however, "the underdeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*." *Thompson*, 9 S.W.3d at 814 n.6. "Thus, the presumption that an attorney's actions were sound trial strategy ordinarily cannot be overcome absent evidence in the record of the attorney's reasons for his conduct." *Landers v. State*, 110 S.W.3d 617, 622 (Tex.App.--Houston [14th Dist.] 2003, pet. ref'd). Appellant "must prove by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission" to show ineffective assistance of counsel on direct appeal. *Bone v. State*, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).

Appellant contends he received ineffective assistance of counsel because: (1) defense

counsel did not give an opening statement; (2) defense counsel did not acquaint himself with the facts of the case, resulting in cross-examination of witnesses that was sorely lacking; and (3) defense counsel did not present any evidence during the punishment phase of the trial. The record does not provide evidence of counsel's reasons for his actions during the trial. Accordingly, Appellant must establish, by a preponderance of the evidence, that there is no plausible professional reason for defense counsel's acts or omissions during trial. *See Bone*, 77 S.W.3d at 836. We now examine defense counsel's representation at the trial court.

Defense counsel declined to make an opening statement. This omission does not, by itself, constitute ineffective assistance. *See Taylor v. State*, 947 S.W.2d 698, 704 (Tex.App.--Fort Worth 1997, pet. ref'd)(stating declining to make an opening statement is a tactical decision and did not render counsel's performance deficient). Counsel cross-examined every one of the State's witnesses and attacked the credibility of the State's confidential informant. Counsel emphasized that Caraway did not actually see Appellant hand Miller the baggie containing the crystalline substance. Appellant asserts that the cross-examination of Chandley was sorely lacking, and that his attorney should have elicited a more thorough cross-examination of all of the State's witnesses. These complaints are without merit. *See Matthews v. State*, 830 S.W.2d 342, 347 (Tex.App.--Houston [14th Dist.] 1992, no writ)(stating "the decision not to cross-examine is the result of wisdom acquired by an attorney's trial experience," and "[t]he amount of cross-examination does not prove ineffective assistance"); *see also Bone*, 77 S.W.3d at 836 (stating "[a] vague, inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent").

Finally, Appellant claims he received ineffective assistance of counsel during the punishment phase because counsel did not call any of Appellant's family members to testify on

his behalf. "A claim for ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the [Appellant] would have benefitted from their testimony." *Brennan v. State*, 334 S.W.3d 64, 79 (Tex.App.--Dallas 2009, no pet.). According to Appellant, "[h]ad defense counsel called these family members, the jury would have likely reached a different sentence." Appellant has failed to show that such witnesses were available to testify and that the sentence would have been different if they had testified.

We hold, based on the totality of defense counsel's representation, that Appellant has not satisfied his burden under the first prong of *Strickland*. Accordingly, we need not address *Strickland's* second prong, and Appellant's ineffective assistance of counsel claim fails. *See Rylander*, 101 S.W.3d at 110 (holding failure to prove first prong of *Strickland* defeats claim of ineffective assistance). Having overruled each issue presented on appeal, we affirm the trial court's judgment.

October 24 , 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)