

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00183-CR

_____

DONALD RAY BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 11F860-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# O P I N I O N

A jury convicted Donald Ray Brown of two counts of aggravated sexual assault of a child under six years of age.[1] Brown was sentenced to life imprisonment on each count, with the sentences running consecutively, and was ordered to pay two $10,000.00 fines. On appeal, Brown argues that the State mischaracterized the beyond-a-reasonable-doubt standard for conviction during voir dire and that trial counsel rendered ineffective assistance in failing to object to the State's mischaracterization. While we find that the State initially misstated the burden of proof required for conviction, we find that Brown cannot meet his burden to demonstrate that his counsel rendered ineffective assistance. Accordingly, we affirm the trial court's judgment.

## I.     The State's Discussion of the Applicable Burden of Proof During Voir Dire

During voir dire, the State explained the elements of the offense Brown was charged with and correctly informed the venire that the State had the burden "to prove each and every one of those elements beyond a reasonable doubt." Yet, the State also made the following comments, which form the basis of Brown's complaints on appeal:

> [The State]:  . . . Beyond a reasonable doubt, this is one of the more complicated issues that we have to deal with today. How many people have heard beyond a shadow of a doubt? Okay. And how many people have heard beyond all reasonable doubt? Okay, most of you have heard both. That is -- neither one of those are the legal standard in the state of Texas. The standard in the state of Texas is beyond a reasonable doubt. If I were to prove something to you beyond all doubt, what would you be? You don't know? Okay, sometimes what we hear is, some people shout out you would be a witness, you would have seen it yourself. You wouldn't be sitting here on the panel; you would be up there on that slide up on that witness list. Some people shout out, you know, you'd be God. I think the last trial we had, someone shouted out you'd be psychic. So basically all of those reiterate the fact that there's no way we could ever prove to you anything beyond a

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(f)(1) (West Supp. 2014).

reasonable doubt, could we? Okay. How many people here think, "Before I find someone guilty of an offense like this you're going to have to prove it to me beyond all doubt?" Mr. Richardson? If you could stand and state your full name?

[Venireperson Kenneth Richardson]: Kenneth Richardson.

[The State]: Okay. Mr. Richardson, in a criminal trial, would you require the state to prove its case beyond all reasonable doubt?

[Venireperson Richardson]: Yes.

[THE STATE]: You would, okay. What about you, Mr. Hamilton? Do you agree with Mr. Richardson? Do you believe the state should be required to prove its case beyond all reasonable doubt?

[Venireperson Anthony Hamilton]: Yes, ma'am.

[The State]: You do? Okay. And what about you, ma'am? Do you believe the state should be required to prove its case beyond all reasonable doubt?

[Venireperson Brittany Alexander]: Yes, ma'am.

[The State]: You do. Okay. And you, ma'am, do you believe the state should prove its case beyond all reasonable doubt -- if you could stand and state your name, if you would, please?

[Venireperson Carol Taillon]: Carol Taillon. Yes, I do.

[The State]: Beyond all reasonable doubt.

[Venireperson Taillon]: Beyond a reasonable doubt is different.

[The State]: Well, do you -- okay, but you think beyond a reasonable doubt versus beyond all reasonable doubt?

[Venireperson Taillon]: Yes.

[The State]: Okay. Now, which one -- which burden are you going to hold the state to?

[Venireperson Taillon]: Beyond a reasonable doubt.

3

[The State]: Beyond a reasonable doubt. Okay, thank you so much. Is there anyone else who thinks that we're going to hold the state to a burden of beyond all reasonable doubt? Okay. One of things that I have to illustrate this is a puzzle. How many people have put together a puzzle? Okay, just about everybody. Can you tell from those pieces what picture this puzzle makes? Do y'all have enough information? Okay. What about now? All right, is there anyone who's sitting here that thinks I cannot tell, because I don't have all the pieces what picture this is? This is beyond a reasonable doubt. You see the big picture. Even though there's pieces of information that you don't have, you can still see beyond a reasonable doubt that this is a photograph of a gun. Who is going to require me to prove this? (Indicates photograph of fully completed puzzle) Okay, Ms. East, if you could stand and state your name, please?

[Venireperson Jill East]: Jill East.

[The State]: Okay. Are you going to hold the state to a burden of beyond all reasonable doubt?

[Venireperson East]: No.

[The State]: Okay. What burden are you going to hold the state to?

[Venireperson East]: Beyond a reasonable doubt.

There is a critical difference between the phrases "beyond all doubt" and "beyond all reasonable doubt." An explanation that the State is not required to prove its case beyond all doubt "does not alter the burden of proof or allow the State to obtain a conviction based on a lesser standard than 'reasonable doubt.'"[2] *Fluellen v. State*, 104 S.W.3d 152, 164 (Tex. App.—Texarkana 2003, no pet); *see Woods v. State*, 152 S.W.3d 105, 114–15 (Tex. Crim. App. 2004) (en banc); *Wilder v. State*, 111 S.W.3d 249, 252–53 (Tex. App.—Texarkana 2003, pet. ref'd). However, an accused has the right "to be convicted by proof beyond all reasonable doubt."

---

[2]"Prospective jurors who state they cannot convict unless the defendant's guilt is proven beyond all doubt—and not beyond a reasonable doubt—are held to have a bias against the law and are stricken for cause." *O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd) (citing *Coleman v. State*, 881 S.W.2d 344, 360 (Tex. Crim. App. 1994)).

*Gutierrez v. State*, 108 S.W.3d 304, 306 (Tex. Crim. App. 2003) (en banc). In other words, a jury may not convict a defendant if it finds one reasonable doubt of any of the elements of the crime. Simply put, the phrases "beyond a reasonable doubt" and "beyond all reasonable doubt" are alternative means of expressing the same standard of proof. *See Wilder*, 11 S.W.3d at 252 (discussing treatment of *Geesa*[3] instruction following *Paulson*). Thus, the statement that the State is not required to prove the elements of the offense beyond all *reasonable* doubt incorrectly alters the burden of proof. Recognizing this error, the trial court, acting sua sponte, advised the State of the proper burden of proof during the following discussion at the bench:

> THE COURT: Counsel, approach, please. . . .
>
> (At the Bench, outside the hearing of the venire panel)
>
> THE COURT: You're stating the -- that the -- you're stating it wrong. They are required to find proof beyond all reasonable doubt. They're not required to find proof beyond all doubt.
>
> [The State]: Okay.
>
> THE COURT: You're asking them to distinguish between a reasonable doubt and all reasonable doubt. They are required to find him guilty beyond all reasonable doubt.
>
> [The State]: . . . . [A] lot of the case law that I found is the standard in Texas is beyond a reasonable doubt, not beyond all reasonable doubt.
>
> THE COURT: Well, if the jury has a reasonable doubt as to anything, then they find him not guilty so the standard would be you have to prove it beyond all reasonable doubt, because any reasonable doubt's enough. But -- you know, I just don't want to confuse the jury, but that standard is -- that's not the right standard. The distinction is between proof beyond all doubt and proof beyond all reasonable doubt, that's the difference.

---

[3]*Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), *overruled by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

5

[The State]: Okay.

[Defense Counsel]: Just so it will be clear, are you going to give the jury an instruction for reasonable doubt and beyond reasonable doubt?

THE COURT: No. No. That's not --

[Defense Counsel]: Because I have that under stuff that I wasn't going to go into. If you're not going to give them an instruction, --

THE COURT: All right.

Following the trial judge's lesson, the State attempted to clarify the terminology for the panel in this statement:

[The State]: All right. One of the questions that [the other prosecutor] has is that she tried a case and she -- I mean, you probably think I'm harping on this, beyond a reasonable doubt, beyond a reasonable doubt, not beyond all doubt. It's because she had a case and she -- she harped on it just like I'm harping on it and then she got back there -- and she always says, If you listen to one thing I say, just one thing, our burden of proof is beyond a reasonable doubt, not beyond a shadow of a doubt, not beyond all doubt. And so she had a jury member that came up to her after the deliberations were over and she said, Honey, you almost didn't prove it to me beyond a shadow of a doubt, and she thought, I didn't do my job, so that's why I keep going over it over and over and over again. So are there any more questions? Does anyone have any question as to what the burden of proof is? Okay.

From that point forward, the State properly used "beyond a reasonable doubt" versus "beyond all doubt" in its continued discussions with the panel.

6

## II. Brown's First Point of Error Raises no Complaint Concerning an Act of or Failure to Act by the Trial Court

Brown's first point of error claims that the State committed reversible error when it misrepresented the concept of beyond a reasonable doubt to the venire. However, Brown does not complain about the trial court's actions, but, instead, focuses on his attorney's failure to object to the questions posed by the State to the venire.[4] To the extent that Brown's first point of error can be interpreted as a separate point, we overrule it because he raises no complaint about an act of or failure to act by the trial court.[5]

## III. Brown Cannot Meet His Burden to Demonstrate Ineffective Assistance of Counsel

In his second point of error, Brown complains of his counsel's failure to (1) object to the State's initial misstatement of the burden of proof and (2) otherwise address the burden of proof

---

[4]While Brown's appellate brief appears to argue that the State's voir dire amounted to fundamental error, Brown also acknowledges that counsel failed to object to the State's discussion of the burden of proof and that, "[i]n the absence of fundamental error, Appellant has waived this issue on appeal." We note that "'[a]ll but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong.'" *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). "[T]he rules that require a timely and specific objection, motion, or complaint do not apply to two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Id.* at 888 (quoting *Marin*, 851 S.W.2d at 280). Waivable only rights include the right to the assistance of counsel and the right to trial by jury. *Id.* Absolute, systemic rights

> include jurisdiction of the person, jurisdiction of the subject matter, . . . a penal statute's being in compliance with the Separation of Powers Section of the state constitution[,]. . . a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge.

*Id.* at 888–89. The State's voir dire does not fall into any category implicating fundamental rights. Indeed, as pointed out by Brown, a defendant waives a complaint on appeal if he fails to object to the State's voir dire statements. *See Penry v. State*, 903 S.W.2d 715, 741 (Tex. Crim. App. 1995); *Ross v. State*, 154 S.W.3d 804, 807 (Tex. App.— Houston [14th Dist.] 2004, pet. ref'd) (citing *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991)); *Cade v. State*, 795 S.W.2d 43, 45 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).

[5]Brown also discusses the appellate rule governing harm in cases involving constitutional error and recites "that a defendant may not be convicted and deprived of his liberty except upon proof beyond a reasonable doubt." *See* TEX.

during voir dire.[6]  Brown argues that his counsel's failures relieved the State of its burden of proof and deprived him of his fundamental right not to be deprived of his liberty except by a verdict supported by proof beyond a reasonable doubt.

### A.      Standard of Review

It is now axiomatic that the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).  "Ineffective assistance of counsel claims are evaluated under the two-part test formulated in *Strickland*, requiring a showing of both deficient performance and prejudice." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd)).  "To prevail on his ineffective assistance claims, [Brown] must prove by a preponderance of the evidence that (1) his counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). "Failure to satisfy either prong of the *Strickland* test is fatal." *Id.* (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006)).  Thus, we need not examine both *Strickland* prongs if one cannot be met. *Id.*

---

R. APP. P. 44.2. Brown does not challenge the legal sufficiency of the evidence or otherwise argue that he was not convicted by proof beyond a reasonable doubt.

[6]During voir dire, Brown's counsel informed the jury that he was "going to skip over [a] beyond a reasonable doubt" discussion.

**B.    Brown Cannot Meet the First *Strickland* Prong**

As for the first *Strickland* prong, "[w]e indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy." *Id.* (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). "A *Strickland* claim must be 'firmly founded in the record,' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Thompson, 9 S.W.3d at 813); *see Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011). "'If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal.'" *Johnson*, 432 S.W.3d at 555 (quoting *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002)). "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims." *Id.* (citing *Thompson*, 9 S.W.3d at 813). "'In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect' the reasoning of trial counsel." *Id.* (quoting *Thompson*, 9 S.W.3d at 813–14). "Only in the rare case 'in which trial counsel's ineffectiveness is apparent from the record,' may the appellate court 'address and dispose of the claim on direct appeal.'" *Id.* (quoting *Lopez*, 343 S.W.3d at 143).

In the absence of a record showing counsel's reasoning, we can fathom several strategic reasons why counsel would have elected not to object to the State's initial misstatement concerning the standard of proof. First, because the State used the term beyond all reasonable doubt, but

9

explained the phrase in a manner suggesting that it was synonymous with beyond all doubt, counsel could have decided that it was best to hear which members of the venire would hold the State to a higher standard. Counsel could have reasoned that these veniremembers would be favorable to him and that he could force the State to use peremptory strikes against them since those members would not be challengeable for cause. *See O'Canas*, 140 S.W.3d at 702. Alternatively, counsel could have determined that it would be more effective to point out the State's misstatement of the burden of proof during the defense's voir dire or in an opening statement. Also, counsel could have determined that it was unnecessary to address the burden of proof during his voir dire following the trial court's sua sponte side bar because the trial court was going to instruct the jury on the proper standard of proof and/or because he did not want to further confuse the jury.

Where the reviewing court "can conceive potential reasonable trial strategies that counsel could have been pursuing," the court "simply cannot conclude that counsel has performed deficiently." *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Consequently, given the strong presumption here that counsel's conduct falls within the wide range of reasonable, professional assistance, we find that the first *Strickland* prong has not been met.

### C.     Brown Cannot Meet the Second *Strickland* Prong

We also find that the second *Strickland* prong, sometimes referred to as "the prejudice prong," has not been met. *Strickland*, 466 U.S. at 694. The prejudice prong requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id*. Thus, in order to establish prejudice,

10

an applicant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." [*Strickland*, 466 U.S.] at 687. . . . It is not sufficient for Applicant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693 . . . . Rather, [he] must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695 . . . .

*Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Here, we find that counsel's alleged failures did not prejudice Brown or permit the jury to find Brown guilty if the State failed to meet the proper burden of proof. First, the State corrected its initial misstatement of the burden of proof and properly used the beyond a reasonable doubt standard following the trial court's lesson. Second, the trial court's charge set forth the proper burden of proof, as follows:

Burden of Proof

The burden of proof throughout trial is always on the State. The Defendant does not have the burden to prove anything. The State must prove every element of the offense beyond a reasonable doubt to establish guilt for the offense. If the State proved every element of the offense beyond a reasonable doubt, then you must find the Defendant guilty. If the State does not prove every element of the offense beyond a reasonable doubt, then you must find the Defendant not guilty. If, after you have considered all of the evidence and these instructions, you have a reasonable doubt about whether the Defendant is guilty, you must find the Defendant not guilty.

Third, Brown's counsel correctly discussed the proper burden of proof during closing arguments.[7] Because Brown has not shown how counsel's alleged failures prejudiced him, he cannot meet the second *Strickland* prong.

---

[7]As previously noted, Brown does not argue that the evidence was legally insufficient to support the jury's verdict. The jury heard testimony from the child victim, the victim's sister, the victim's aunt, the emergency room physician who examined the victim, and a forensic interviewer.

Because Brown has failed to demonstrate that his counsel rendered ineffective assistance, we overrule his final point of error.

## IV.     Conclusion

We affirm the trial court's judgment.


                                          Jack Carter
                                          Justice


Date Submitted:     October 1, 2015
Date Decided:       October 8, 2015

Publish