

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00172-CR

GARETH REECE GOODE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 198th Judicial District Court
Bandera County, Texas
Trial Court No. CR-23-0000030

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

A Bandera County jury convicted Gareth Reece Goode of two counts of indecency with a child by contact and assessed a sentence of twenty years' imprisonment for each count. *See* TEX. PENAL CODE ANN. § 21.11. On appeal,[1] Goode argues (1) that the trial court violated his due process rights by denying his motion for continuance, (2) that the trial court erred by admitting an audio recording between Goode and his ex-wife, (3) that his due process rights were violated when the State misstated the charge as aggravated sexual assault during voir dire, (4) that the trial court erred by instructing the jury that the State was not required to prove the exact date the offenses occurred, (5) that his due process rights were violated when the State used an incomplete picture of a gun to explain the burden of proof, and (6) that the trial court erred by overruling objections to the State's closing argument.[2]

We find that that trial court did not abuse its discretion either by denying Goode's motion for a continuance or by admitting the audio recording. We conclude that the State's reference to aggravated sexual assault in this consolidated trial was proper since Goode was also charged with that offense. We also find that there was no jury-charge error, the trial court properly overruled Goode's objections to the State's illustrations used to explain the burden of proof, and Goode was unharmed by any alleged error preserved during jury argument. As a result, we affirm the trial court's judgment.

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Fourth Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

[2]In his companion cause number 06-24-00173-CR, Goode appeals another conviction for sexual assault of a child.

**I.    The Trial Court Did Not Abuse Its Discretion by Overruling Goode's Motion for Continuance**

In his first point of error on appeal, Goode argues that the trial court erred by denying his motion to continue the case. Because Goode was required to file a sworn motion for continuance, but failed to do so, we find no abuse of discretion in the trial court's ruling.

**A.    Factual and Procedural Background**

This case was originally set for trial on March 20, 2024. Two days before trial, Goode filed a written motion for continuance to obtain court records relating to a juvenile that was living in the victim's house. According to Goode, the juvenile was adjudicated of delinquent conduct for a sexual offense committed against a different young child. Goode explained that the records might assist his defense. As a result, the trial court granted the motion for continuance and pushed back the trial date.

At a July 17, 2024, hearing, Goode made an oral motion for continuance because the juvenile's records were sealed. To unseal them, Goode sought an order from the trial court so the juvenile records could be submitted for in camera review and possible inspection from counsel. After Goode explained that the records were necessary to the discovery of a defensive theory that the juvenile could be an alternate perpetrator, the trial court granted the oral motion for continuance, entered an order for discovery subpoenaing the juvenile's records for in-camera review, set a pretrial hearing date of September 18, 2024, and set the trial date for September 24.

At the September 18 hearing, the trial court did not rule on the oral motion for continuance. Instead, it stated to counsel, "[I]f, on behalf of Mr. Goode, . . . you think you need

3

to file a verified motion for continuance, I will certainly take that up and consider that." The trial court noted that the trial was still set for September 24.

On September 20, Goode filed his written motion for continuance. The motion simply stated that the discovery issues were not resolved until September 17 and that counsel had not been able to obtain the juvenile's records. Even so, the written motion was not sworn. At a pretrial hearing, the trial court denied the motion for continuance. Goode argues that the trial court erred by doing so because the ruling resulted in a violation of due process and prevented his counsel from rendering effective assistance.

### B. Standard of Review

"We review a trial court's decision to deny a motion for continuance under an abuse of discretion standard." *Hernandez v. State*, 585 S.W.3d 537, 560 (Tex. App.—San Antonio 2019, pet. ref'd) (citing *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006)). "To establish an abuse of discretion, the appellant must show that the trial court erred in denying the motion for continuance and that the denial actually and specifically prejudiced appellant's defense." *Rivera v. State*, 708 S.W.3d 732, 737 (Tex. App.—San Antonio 2024, pet. ref'd) (quoting *Kinnett v. State*, 623 S.W.3d 876, 906 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (internal quotation marks omitted)).

### C. Analysis

"A criminal action may be continued on the *written* motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." *Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.) (quoting Tex. Code

CRIM. PROC. ANN. art. 29.03) (citing *Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009), *declined to follow on other grounds*, *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014)). "[A]rticle 29.08 of the Code further provides that '[a]ll motions for continuance *must be sworn* to by a person having personal knowledge of the facts relied on for the continuance.'" *Id.* (second alteration in original) (quoting TEX. CODE CRIM. PROC. ANN. art. 29.08) (citing *Anderson*, 301 S.W.3d at 279).

Goode's written September 20 motion for continuance was accompanied by a purported unsworn declaration. "[A]n unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law." TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a). However, the unsworn declaration must be "subscribed by the person making the declaration as true under penalty of perjury." TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c)(2). The purported unsworn declaration attached to Goode's motion for continuance was not subscribed as true under the penalty of perjury. *See Bahm v. State*, 219 S.W.3d 391, 394–95 (Tex. Crim. App. 2007).

Because a trial court does not abuse its discretion by denying an unsworn motion for continuance, we overrule Goode's first point of error. *See Loftis v. State*, 433 S.W.2d 704, 706 (Tex. Crim. App. 1968); *Peacock v. State*, 690 S.W.2d 613, 617 (Tex. App.—Tyler 1985, no pet.); *Cruz*, 565 S.W.3d at 381.

5

## II. The Trial Court Did Not Abuse Its Discretion by Admitting the Audio Recording

In his second point of error, Goode argues that the trial court erred by admitting an audio recording of an argument between Goode and his ex-wife, which contained statements by Goode "speaking in a crude way about a 12-year-old's anatomy," including that the victim had "big boobs" and was a "porn star." At trial, Goode objected to the recording on the grounds that it was irrelevant and contained an extraneous offense. The trial court overruled the relevance objection after finding that the recording was relevant to show Goode's relationship with the victim.

On appeal, Goode argues that the recording was irrelevant. He also argues that the recording should have been excluded under Rule 403 of the Texas Rules of Evidence because its probative value was substantially outweighed by the danger of unfair prejudice and because its admission, which allegedly violated due process, required him to waive his right to remain silent to rebut the evidence. *See* TEX. R. EVID. 403.

We first note that Goode's arguments on appeal related to Rule 403, due process, and his right to remain silent were never presented to the trial court. The State argues that these complaints were not preserved for our review, and we agree.

"Preservation of error is a systemic requirement on appeal." *Moreno v. State*, 619 S.W.3d 754, 757 (Tex. App.—San Antonio 2020, no pet.) (quoting *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g)). "To preserve a claim of error, a party must make a timely request, objection, or motion in the trial court, followed by either a ruling or a refusal to rule by the trial court." *Id.* (citing TEX. R. APP. P. 33.1(a); *Landry v. State*,

6

706 S.W.2d 105, 109 (Tex. Crim. App. 1985)).[3]  For this reason, "the point of error on appeal must comport with the objection made at trial."  *Navarro-DePaz v. State*, 689 S.W.3d 19, 24 (Tex. App.—San Antonio 2024, pet. ref'd) (quoting *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)).  Because Goode failed to preserve any point of error relating to Rule 403, due process, or his right to remain silent, "this court will not address [the] merits" of these unpreserved claims.  *Moreno*, 619 S.W.3d at 757 (citing *Wilson*, 311 S.W.3d at 473).

Accordingly, the only issue preserved for our review under this point of error is whether the trial court properly concluded that the audio recording was relevant.  "[W]e review a trial court's decision to admit or exclude evidence for an abuse of discretion."  *Dorch v. State*, 596 S.W.3d 871, 892 (Tex. App.—San Antonio 2019, pet. ref'd) (citing *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011)).

"Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *Proo v. State*, 587 S.W.3d 789, 814 (Tex. App.—San Antonio 2019, pet. ref'd) (quoting *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016) (citing TEX. R. EVID. 401, 402)).  "To be 'material,' the evidence must relate to a fact of consequence, which includes both an elemental fact or an evidentiary fact from which an elemental fact can be inferred."  *Id.* (quoting *Henley*, 493 S.W.3d at 84).  "To be 'probative,' the evidence must tend to make the existence of the fact of consequence more or less probable than it would be absent the

---

[3]The trial court did not rule on any extraneous-offense objection, and Goode does not argue on appeal that the recording contained any extraneous-offense evidence.  "When a trial court refuses (or omits) to rule on an objection, to preserve a claim of error, a party must object to the trial court's refusal to rule."  *Moreno*, 619 S.W.3d at 757–58 (citing TEX. R. APP. P. 33.1(a)).

evidence." *Id.* (quoting *Henley*, 493 S.W.3d at 83–84). The threshold for relevance under Rule 401 is low. *Wells v. State*, 611 S.W.3d 396, 409 (Tex. Crim. App. 2020) (citing *Ex parte Smith*, 309 S.W.3d 53, 56 (Tex. Crim. App. 2010)).

The recording shows that Goode viewed a twelve-year-old, young child as having "big boobs" and referred to her as a "porn star." Because that evidence related to the issue of mens rea, we cannot say that the trial court abused its discretion by finding that the recording (1) made it more probable that Goode viewed children in a sexual manner or that it (2) was probative for the purpose of showing that he touched the child victim in this case with intent to gratify his sexual desire. Accordingly, we find no abuse of discretion in the trial court's evidentiary ruling, and we overrule Goode's second point of error.

## III. The State's Reference to Aggravated Sexual Assault Was Proper

In his companion case, which was consolidated for trial with this case, the State's indictment charged Goode with aggravated sexual assault of a child by causing his tongue to penetrate the child's victim's vagina. *See* TEX. PENAL CODE ANN. § 22.021. Although the indictment referenced "AGGRAVATED SEXUAL ASSAULT OF A CHILD" and listed Section 22.021(a)(2)(B) as the statute of offense, it stated that the child was younger than seventeen, instead of fourteen. *Compare* TEX. PENAL CODE ANN. § 22.011 (Supp.), *with* § 22.021. Goode did not file any motion asking for a correction of defect in form or substance to the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Even so, he noted before trial that "one of the cases is an aggravated case," but "the indictment . . . says for a child under 17. Aggravated is under 14." The trial court noted, "[A]s it stands now, the charge in the indictment alleges and

8

the title is aggravated sexual assault of a child, so if the State proves up those elements, then I presume we will let the jury charge speak for itself." Goode informed the trial court that he was raising the issue but did not ask that the State's voir dire be limited in any way.

Accordingly, the State informed the jury during voir dire that "[t]he cases that you have been summoned on to hear today are criminal in nature. These cases involve the charges of indecency with a child and aggravated sexual assault of a child." There was no objection to that statement. However, when the State introduced a slide showing the elements of aggravated sexual assault of a child, including that the "victim is younger than 14 years of age at the time of the offense," Goode objected to the slide because the State's indictment had alleged that the child was younger than seventeen. The State clarified that it would prove that the child victim was younger than fourteen and, as a result, the trial court overruled the objection to the slide.

In his third point of error on appeal, Goode makes no argument related to the State's use of the slide or his overruled objection to the slide. Instead, he merely argues that "[t]he State misstated the law and indicted charges to the jury as higher and more serious charge than that which was actually indicted in voir dire and thereby inflamed the hearts and minds of the jury." We find this point meritless since there was no misstatement of law. The record shows that, despite the defect in the indictment, the State indicted Goode with one count of aggravated sexual assault of a child. Moreover, the State informed the veniremembers of the aggravated charge without objection. As a result, we overrule Goode's third point of error.[4]

---

[4]Goode also argues that the "misstatement distorted the . . . voir dire so much that Appellant was denied due course of law and effective representation of counsel as guaranteed by Article I, §§ 19 and 10 of the Texas Constitution and the Fourteenth Amendment of the United States Constitution." Those issues were not raised below and are unpreserved. *See* TEX. R. APP. P. 33.1.

**IV.     There Was No Jury-Charge Error**

In his fourth point of error, Goode argues there was error in the trial court's charge, which contained an instruction "that the State [wa]s not required to prove the exact dates that the alleged offenses allegedly occurred." The charge informed the jury, "It is sufficient if the State proves that each offense was committed before January 10, 2023, the date the indictments were filed." Goode argues that the trial court commented on the weight of the evidence by including those instructions. We disagree.

"'We review claims of jury charge error under the two-pronged test set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g),' *superseded on other grounds as stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988)." *Moreno*, 619 S.W.3d at 759 (quoting *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd)). "Our first duty in analyzing a jury-charge issue is to decide whether error exists." *Id.* (quoting *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). "If error exists, we then evaluate the harm caused by the error." *Id.* (quoting *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd)).

As the San Antonio Court of Appeals has written,

> It is a longstanding rule that the State is not required to prove that an offense was committed on the date alleged in the indictment (whether or not the words 'on or about' are used) but may prove that the offense was committed on any date prior to the return of the indictment and within the period of limitations.

*Id.* (quoting *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd) (citing *Klein v. State*, 273 S.W.3d 297, 303 n.5 (Tex. Crim. App. 2008)); *see Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). As a result, Goode admits that the jury instruction

10

is "technically correct." *See Moreno*, 619 S.W.3d at 759; *see also Thibodeaux v. State*, No. 09-09-00174-CR, 2010 WL 3518744, at *6 (Tex. App.—Beaumont Sept. 8, 2010, no pet.) (mem. op., not designated for publication) (finding that an "on or about" instruction was proper and did not constitute a comment on the weight of the evidence); *Nava v. State*, No. 08-08-00197-CR, 2010 WL 2410395, at *3 (Tex. App.—El Paso June 16, 2010, pet. ref'd) (not designated for publication).

Even so, Goode argues that the instruction amounted to a comment on the weight of the evidence. "Article 36.14 of the Texas Code of Criminal Procedure requires that a trial court provide a jury charge 'distinctly setting forth the law applicable to the case' and must not express 'any opinion as to the weight of the evidence.'" *Wilson v. State*, 419 S.W.3d 582, 595 (Tex. App.—San Antonio 2013, no pet.) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). "Generally, 'a correct statement of the law by the trial court . . . is not reversible' as a comment on the weight of the evidence." *Aschbacher v. State*, 61 S.W.3d 532, 538 (Tex. App.—San Antonio 2001, pet. ref'd) (quoting *Powers v. State*, 737 S.W.2d 53, 54 (Tex. App.—San Antonio 1987, pet. ref'd)). Only "[a] charge that 'assumes the truth of a controverted issue' is an improper comment on the weight of the evidence." *Wilson*, 419 S.W.3d at 595 (quoting *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986)). Here, the trial court's instructions related to the date of the offense did not assume the truth of any controverted issue or lessen the State's burden of proof. As a result, it did not constitute a comment on the weight of the evidence.

Because we find no error in the trial court's jury charge, we overrule Goode's fourth point of error.

## V.	The Trial Court Properly Overruled Goode's Objection to the State's Illustrations

At voir dire, when explaining its burden of proof, the State correctly noted that it had to prove each element beyond a reasonable doubt but could not provide a definition of that term. The State then used a common analogy used to show that it did not need to prove the offenses beyond all doubt; it showed a slide of a puzzle with missing puzzle pieces, which the viewer could tell depicted a gun despite the missing pieces. *See Robinson v. State*, 685 S.W.3d 217, 220 (Tex. App.—Fort Worth 2024, no pet.); *Brown v. State*, 482 S.W.3d 157, 161–62 (Tex. App.—Texarkana 2015, no pet.). Goode objected to the slide on the ground that "you cannot give a definition." When the State argued that it was not giving a definition, the court asked Goode for an explanation for his objection. Goode replied,

> [W]hat they are about to do is they are going to say, "I can't give you a definition, but what I can say is tell you what it's not."
>
> By telling somebody what it's not, then you are giving a definition, plus the fact that they're about to put a picture up there and they are going to go through the -- we have all seen it where they put pieces. You can't tell what it is. Then you add more pieces and you can't tell what it is. Then you add a few more pieces, then finally you can, even though it's not a full picture.
>
> That's still giving a type of a definition.

After receiving the explanation, the trial court overruled Goode's objection.

On appeal, Goode argues that his due process rights were violated by the illustration and that the use of a puzzle analogy was improper where the State "did not undertake to quantify the number or percentage of missing pieces." Goode also appears to raise an issue of prosecutorial

12

misconduct. The State argues that Goode's trial objection does not comport with his argument on appeal. Because "the point of error on appeal must comport with the objection made at trial," we restrict our review to Goode's objection at trial that the illustration provided a definition of the burden of proof. *See Navarro-DePaz*, 689 S.W.3d at 24 (quoting *Wilson*, 71 S.W.3d at 349).

Here, Goode does not explain in his brief why the trial court erred by overruling his objection. The record shows that the trial court had difficulty in understanding the basis for Goode's objection. Goode clarified that the basis for his objection to the slide was that the State provided a definition of the term "beyond a reasonable doubt." The trial court could have determined that the illustration merely showed that the State was not required to prove its case beyond all doubt and/or that the illustration did not provide a definition for the term "beyond a reasonable doubt." *See Brown*, 482 S.W.3d at 161; *see also Silva v. State*, Nos. 14-23-00324-CR & 14-23-00325-CR, 2024 WL 3507508, at *2 (Tex. App.—Houston [14th Dist.] July 23, 2024, no pet.) (mem. op., not designated for publication). As a result, we overrule Goode's fifth point of error.

## VI. Goode Was Unharmed by Any Alleged Error Preserved During Jury Argument

Goode raises several issues about the State's closing arguments. He complains that the State improperly demeaned him, implied that he was lying, bolstered witness testimony, and said in its closing argument that "[t]he real Gareth Goode is an alcoholic, he is a narcissist, and he survives on gaslighting people." Here, the State argues, and the record shows, that Goode did not object at trial to those portions of the State's closing argument. Since he did not preserve

13

those appellate complaints, we overrule them.  *See* TEX. R. APP. P. 33.1(a); *Cantu v. State*, 678 S.W.3d 331, 356 (Tex. App.—San Antonio 2023, no pet.).

Even so, Goode did preserve four objections to the State's closing argument.  "Generally, the bounds of proper closing argument are left to the sound discretion of the trial court."  *Milton v. State*, 572 S.W.3d 234, 240 (Tex. Crim. App. 2019); *see also Garcia v. State*, No. 04-22-00057-CR, 2023 WL 8440526, at *7 (Tex. App.—San Antonio Dec. 6, 2023, no pet.) (mem. op., not designated for publication) ("We review a trial court's rulings on objections during closing argument for an abuse of discretion.").  "[P]roper jury argument generally falls within one of four areas:  (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement."  *Milton*, 572 S.W.3d at 239.  Also, "[t]o constitute reversible error, the argument must be manifestly improper or inject new, harmful facts into the case."  *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).  We address each of Goode's four objections.

Goode first objected when the prosecutor said that he remembered his first time fishing, including "the white house, the astro turf on the ground, [his] dad cleaning catfish the old school way."  Goode objected on the ground that the information was "not in fact or evidence," but the trial court overruled the objection.  The prosecutor then explained that, while he remembered the event, he did not remember the date.  That argument was meant to explain why a child might not remember the date of indecent conduct but could remember other details of the event.  It is true that a jury must be "encourag[ed] . . . to decide the case on the evidence in front of it rather than . . . reach[ing] a decision based upon information outside the record."  *Milton*, 572 S.W.3d at

14

240. "This is because improper references to information outside the record are generally designed to arouse the passion and prejudice of the jury, and, as such, are inappropriate." *Id.* Here, however, the trial court could have properly concluded that the State was answering an argument of opposing counsel by explaining why the child victims could not specify particular dates of inappropriate conduct by Goode. The trial court could have also decided that, while facts about the prosecutor's first time fishing were outside of the record, the argument was not manifestly improper and would not arouse passion or prejudice from the jury. As a result, the trial court did not abuse its discretion by overruling Goode's objection to that argument.

Next, the jury heard at trial that the child victims involved in this case, E.S. and B.S., and the victim in Goode's companion case, E.S., were both born in Pampa, Texas, and did not move to San Antonio until after Goode suggested the move.[5] When the State argued during closing argument that Goode "isolate[d] the children from their fathers . . . [by] bring[ing] them from Pampa," the trial court overruled Goode's objection that the State was arguing outside of the evidence because that was an inference made from the evidence. Because reasonable deduction from the evidence is within the permitted bounds of jury argument, and Goode does not explain why the State's argument was unreasonable, we cannot say that the trial court abused its discretion by overruling Goode's objection. *See id.* at 239.

Third, Goode had testified that he was aware of the allegation occurring when there was an overnight guest, A.H., and the child victim, E.S., was sleeping on the couch beside the guest. According to Goode, he had checked on the children and had approached them near the couch,

---

[5]We use initials for anyone who was a minor at the time of the offenses. *See* TEX. R. APP. P. 9.10.

15

but only to find the remote to watch the Spurs game. Goode said that he was looking under E.S. to find the remote, A.H. had woken up, and A.H. had reported that Goode was a molester. Goode denied the allegations. During Goode's cross-examination, the State established that there was no Spurs game on the date of the alleged incident, to which Goode replied, "Maybe I wanted to watch something else. It was a long time ago."

During his closing argument, Goode discussed the incident and said, "We hear[d] varying stories about how this came out," noted, "We are not sure of dates," and implied that the allegation was fabricated when it was "blurt[ed] out" during E.S.'s "argument with her mother . . . to one up her so mom w[ould] stop." To rebut that argument the State noted, "[Goode] testified in direct, being cool, calm, and collected, 'I was looking for the remote so I could watch the Spurs game that night,' watch the Spurs game that night. First time I heard of that, so we looked it up." The State then pointed to its cross-examination when saying, "I confronted him. I said, 'Would it be a surprise to you if there were no Spurs game -- there was no Spurs game that Friday night that'" A.H. was there. Goode objected "because dates were not confirmed," but the trial court overruled the objection. We find that the State's comments were a fair summation of Goode's testimony and constituted a responsive argument to Goode's closing argument. As a result, the trial court did not err by concluding that the State's argument fell within proper bounds.

As for the last objection, Goode had testified that B.S. had received a tablet for Christmas and had used Goode's Amazon account to activate it. He had further stated that her tablet had "several nude pictures of her and a very big collection of men's private parts, so she was

16

exchanging nude pictures with grown men and she was 12 or 11." In Goode's closing argument, he argued that he was trying to help B.S., who posted nude photos using his Amazon account. The State made the following argument:

> No police report ever made about child porn being on somebody's Amazon account. If it is on somebody's account, there better be a report made, because that is a serious crime, possession of child pornography, but there might be a reason why that wasn't reported, because on the other side of that Kick messaging portal, maybe, just maybe [Goode] didn't want police to find out who requested those nude pictures from [B.S.].

Goode objected on the ground that the State was "asking them to infer," and the trial court overruled the objection after saying, "[R]easonable inferences from the evidence is permissible in closing arguments." The State argues, "The prosecutor reasonably deduced that, since Appellant controlled the Amazon account and did not take the expected step of informing the police that someone had requested nude pictures from a twelve-year-old girl, it was Appellant who used his account to request those pictures." Because there was no evidence to support the theory that Goode was requesting the nude photos, any such inference was unreasonable and speculative.

Even so, "[a]ny error resulting from improper jury argument is subject to a harm analysis." *Orcasitas v. State*, 511 S.W.3d 213, 219 (Tex. App.—San Antonio 2015, no pet.) (citing *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011)). "When jury argument falls outside the areas of proper argument, we must determine if the related error warrants reversal." *Id.* "When the error is non-constitutional, we must determine if the appellant's substantial rights were affected." *Id.* at 220 (citing *Freeman*, 340 S.W.3d at 728). "To determine if an appellant's substantial rights were affected, we balance the severity of the

misconduct, any curative measures, and the certainty of conviction absent the misconduct." *Id.* (citing *Freeman*, 340 S.W.3d at 728).

Here, we find that the misconduct was not severe. Because the State's statement involved a tangential issue unrelated to the question of whether Goode committed indecency with a child, we find that the statement had little prejudicial effect. Next, curative measures were taken by the trial court in its charge, which redirected jurors to the issues of whether Goode committed the acts charged by the indictments, contained the proper burden of proof, and reiterated that the jury was to carefully and impartially consider the evidence in the case. The trial court further instructed the jury that it "should not consider . . . information [it] may have about any fact . . . which [was] not shown by the evidence" and clarified, "A fact is established by direct evidence when proven by witnesses who saw the act done or heard the words spoken or by documentary evidence. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proven."

Last, Goode's conviction was certain absent the improper jury argument. Goode's victims testified at trial in detail about the acts comprising the State's indictments. B.S. testified that she was laying in bed when Goode came to her, slipped his hand "slightly under" her clothing, and touched her breasts when she was a child. B.S. said that Goode had also come to her bed while she was sleeping, removed her covers, and touched her vagina and breasts while she was a child. E.S. testified that she was asleep in her bed when Goode kneeled next to the bed, pushed her shirt up and her pants down, and put his hands on her private areas and nipples, and then licked "all the same places he would put his hands." E.S. specified that Goode placed

18

his tongue inside of her vagina and that she was nine at that time. E.S. said she was abused over the course of years and that there were "less than 30" instances of abuse. Although not a named victim, A.H. testified that she was sleeping on the couch when she was a child and woke up with Goode's hand in her pants. A.H. said Goode's hand was underneath her underwear, that his hand touched her vagina, and that his fingers penetrated her vagina. After considering the relevant factors, we find that Goode's substantial rights were not affected by the improper closing argument.

We overrule Goode's last point of error.

## VII. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: June 10, 2025
Date Decided: July 2, 2025

Do Not Publish